919 F.2d 142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marshall TATE, Plaintiff-Appellant,
v.
Evans FINE, Gary Livesay, Warden, Tim McGraw, Lynn V. Taloe,
Thereasa Adkins, Harold Angel, Cpl., Patricia S.
Smith, Howard Cook, Defendants-Appellees.
 No. 89-6379.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1990.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Marshall Tate appeals the district court's order granting the defendants' motion for reconsideration of the court's previous denial of their motion for summary judgment and granting summary judgment in their favor.
 
 
 3
 In this 42 U.S.C. Sec. 1983 prisoner civil rights suit, Tate claimed that he was denied a hearing prior to his reclassification from medium security to close security at the time of his administrative transfer from Southeastern Tennessee State Regional Correctional Facility to Fort Pillow Prison and that he was retaliated against for his legal activities. The defendants are various prison officials. Tate requested injunctive relief and damages.
 
 
 4
 The defendants subsequently filed a motion for summary judgment regarding the reclassification and retaliation issues. The court entered summary judgment for the defendants on the issue of retaliation. The court determined, however, that a genuine issue of material fact still existed with regard to Tate's allegation that he was reclassified without benefit of a hearing and denied the defendants' motion regarding this issue. Both parties filed motions to reconsider. The district court granted defendants' motion and granted summary judgment, as the additional exhibits supplied by the defendants established that they were entitled to judgment as a matter of law. See Celotex v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 5
 On appeal, Tate argues only that he was not given a hearing prior to reclassification. As he did not raise the issue of whether or not he was retaliated against for his legal activities, it is abandoned. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 We have examined the issue on appeal and find it to be without merit for the reasons stated by the district court. Accordingly, for the reasons stated in the district court's memorandum entered March 15, 1989, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.